**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNAY FLORENCE<br>355 Woodlawn Ave.<br>Columbus, Ohio 43228, | : | |
| | : | |
| And, | : | |
| URSULA JONES<br>15 N. Breiel Blvd.<br>Middletown, Ohio 45044, | : | |
| | : | |
| Plaintiffs,<br>For Themselves<br>And For All Others Similarly<br>Situated, | :<br>:<br>: | Case No.  2:24-cv-4079 |
| v. | : | |
| | : | |
| VINEBROOK HOMES TRUST, INC.<br>c/o The Corporation Trust Inc.<br>2405 York Rd.. Suite 201<br>Lutherville-Timonium, Maryland 21093, | :<br>:<br>: | |
| And, | : | |
| VINEBROOK HOMES OPERATING<br>PARTNERSHIP, L.P.<br>c/o The Corporation Trust Co.<br>Corporation Trust Center<br>1209 Orange St.<br>Wilmington, Delaware 19801, | :<br>:<br>:<br>: | |
| And, | : | |
| | : | |
| VINEBROOK HOMES, LLC<br>c/o CT Corporation System<br>4400 Easton Commons Way Ste. 125<br>Columbus, Ohio 43219, | :<br>:<br>: | |
| And, | : | |

1

NREA VB V LLC

c/o CT Corporation System

4400 Easton Commons Way Ste. 125

Columbus, Ohio 43219,

And,

VB SIX, LLC

C/O CT Corporation System

4400 Easton Commons Way Ste. 125

Columbus, Ohio 43219

    Defendants, and All Other
Defendants Similarly
Situated.

:
:
:
:
:
:
:
:
:

## CLASS ACTION COMPLAINT

Now come URSULA JONES and JOHNAY FLORENCE ("Plaintiffs"), for themselves, and for all other similarly situated individuals, and set forth below their CLASS ACTION COMPLAINT.

## JURISDICTION AND VENUE

1. Subject matter jurisdiction over Plaintiffs' CLASS ACTION is predicated upon diversity of citizenship pursuant the Class Action Fairness Act ("CAFA") provisions of 28 U.S.C. § 1332(d).

   a. Pursuant to 28 U.S.C. § 1332(d)(2)(A) original jurisdiction attaches because, as further described *infra,* Plaintiffs are citizens of Ohio and all currently named Defendants are citizens of Maryland, Delaware and/or Texas.

   b. Pursuant to 28 U.S.C. § 1332(d)(2) original jurisdiction attaches because, as further described *infra*, the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest or costs.

2

2.  Personal jurisdiction over Defendants is based upon Defendants' (i) business contacts within this federal district; (ii) presence within this federal district, and (iii) consent to personal jurisdiction within this federal district.

3.  The venue for this action is appropriate pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

4.  Plaintiff, Johnay Florence:

    a.  Currently resides in Columbus, Ohio and is a citizen of Ohio;

    b.  Entered into at least two (2) one-year VineBrook Home Lease Agreements to rent a single-family residence located at 355 Woodlawn Avenue, Columbus, Ohio, 43228;

    c.  Attaches hereto and incorporates herein true and authentic copies of her leases as EXHIBIT A and B;

    d.  Paid monthly rent, and in addition thereto, certain identifiable Property Administration Fees;

    e.  Is (or was) a "tenant" as that term is defined under Ohio's Landlords and Tenants Act of 1974, R.C § 5321.01(A) for the purposes of this case.

5.  Plaintiff, Ursula Jones:

    a.  Currently resides in Middletown, Ohio and is a citizen of Ohio;

    b.  Entered into at least one (1) one-year VineBrook Home Lease Agreement to rent a single-family residence located at 8257 Mount McKinley Drive, Huber Heights, Ohio 45424;

    c.  Attaches hereto and incorporates herein a true and authentic copy of her lease as EXHIBIT C;

    d.  Paid monthly rent, and in addition thereto, certain identifiable Property Administration Fees;

    e.  Is (or was) a "tenant" as that term is defined under Ohio's Landlords and Tenants Act of 1974, R.C § 5321.01(A) for the purposes of this case.

6.  Defendant, VineBrook Homes Trust, Inc. (hereinafter "VHTI"):

    a.  Was incorporated in Maryland on July 16, 2018;

    b.  Maintains its principal place of business at 300 Crescent Court, Suite 700, Dallas, Texas 75201.

    c.  Has elected to be taxed as a real estate investment trust ("REIT");

    d.  Claims to be focused on acquiring, renovating, leasing, maintaining and otherwise managing single family rental ("SFR") home investments primarily located in large to medium size cities and suburbs located in the midwestern, heartland and southeastern United States and providing its residents with affordable, safe and clean dwellings with a high level of service;

    e.  Conducts substantially all its business through Defendant, VineBrook Homes Operating Partnership, L.P.;

    f.  Claims to own all of its SFR properties indirectly though Defendant, VineBrook Homes Operating Partnership, L.P;

    g.  Is defined as a "landlord" as that term is defined under Ohio's Landlords and Tenants Act of 1974, R.C. § 5321.01(B) for the purposes of this case.

7.  Defendant, VineBrook Homes Operating Partnership, L.P (hereinafter "VHOP"):

    a.  Was organized as a limited partnership in Delaware on July 12, 2018;

4

    b.  Maintains its principal place of business at 300 Crescent Court, Suite 700, Dallas, Texas 75201;

    c.  Conducts substantially all the business of VHTI;

    d.  Claims that VHTI is the general partner of VHOP owning over 80% of the VHOP units;

    e.  Claims to own all the SFR properties which are further said to be owned indirectly by VHTI.

    f.  Is defined as a "landlord" as that term is defined under Ohio's Landlords and Tenants Act of 1974, R.C. § 5321.01(B) for the purposes of this case.

8.  Defendant, Vinebrook Homes, LLC (hereinafter "VHLLC"):

    a.  Was organized as a limited liability company in Delaware on September 24, 2018;

    b.  Is registered in Ohio as an active foreign limited liability company;

    c.  Is wholly owned by VHOP as of August 3, 2023.

    d.  Is considered by VHTI and VHOP to be the SFR property management arm of VHTI and VHOP;

    e.  Claims in all VineBrook Homes Lease Agreements to be an authorized agent of certain "special purpose limited liability companies" (see further, *infra*) and "lessor" of the SFR properties owned, directly or indirectly, by VHTI and VHOP;

    f.  Is, for the purposes of this case, a "landlord" as that term is defined under Ohio's Landlords and Tenants Act of 1974, R.C. § 5321.01(B) since it acts as the authorized agent of the SFR properties owned by VHTI, VHOP, and the special purpose limited liability companies.

9.  Defendant, NREA VB V, LLC:

    a.  Was organized as a limited liability company in Delaware on August 28, 2018;

    b.  Is registered in Ohio as an active foreign limited liability company;

    c.  Is considered by VHIT, VHOP and VHLLC to be a "special purpose limited liability company";

    d.  Is wholly owned by VHOP;

    e.  Is the deed holder to the SFR property known as 8257 Mount McKinley Drive, Huber Heights, Ohio 45424;

    f.  Is identified in at least one (1) VineBrook Homes Lease Agreement as a "lessor";

    g.  Is a "landlord" as that term is defined under Ohio's Landlords and Tenants Act of 1974, R.C. § 5321.01(B) for the purposes of this case.

10. Defendant, VB Six, LLC:

    a.  Was organized as a limited liability company in Delaware on August 2, 2018;

    b.  Is registered in Ohio as an active foreign limited liability company;

    c.  Is considered by VHTI, VHOP and VHLLC to be a "special purpose limited liability company";

    d.  Is wholly owned by VHOP;

    e.  Is the deed holder to the SFR property known as 355 Woodlawn Avenue, Columbus, Ohio, 43228;

    f.  Is identified in at least one VineBrook Homes Lease Agreement as a "lessor";

    g.  Is a "landlord" as that term is defined under Ohio's Landlords and Tenants Act of 1974, R.C. § 5321.01(B) for the purposes of this case.

## CLASS ALLEGATIONS, ATTRIBUTES AND AMOUNT IN CONTROVERSY

11. VHTI, VHOP, VHLLC, and all VHOP special purpose limited liability companies (including but not limited to Defendants, NREA VB V, LLC and VB Six, LLC) systematically require tenants of their SFR properties to sign pre-prepared, form boilerplate, lease agreements.

12. Such lease agreements are given the title: "VineBrook Homes Lease Agreement" (hereinafter "VBHLA").

13. Defendants' VBHLAs are exemplified by the same VBHLAs signed by Plaintiffs (see, *supra*) which are attached as EXHIBITS A, B, C and D.

14. Each VBHLA contains an identical or substantively similar term, always or mostly located at Paragraph #7 (hereinafter "¶ 7").

15. The term contained in ¶ 7 states as follows:

PROPERTY ADMINISTRATION FEE: Resident(s) hereby agrees to pay a monthly Property Administration Fee of ten dollars ($10.00). Such fee must be paid in full by the first day of each month along with other monthly charges. This fee is nonrefundable and additional to the monthly rent charges. The Property Administration Fee is being assessed to help Lessor pay for the costs associated with maintenance, repairs, and damages to the property based by natural and unnatural events along with general use of the property. Failure to pay the Property Administration Fee as part of monthly charges can result in a late fee and constitutes a default under this Lease.

16. The PROPERTY ADMINISTRATION FEE (hereinafter "PAF") purports to:

   a. Cost all signatories (tenants) of the VBHLAs $10.00 per month for the lease term(s);

   b. Serve as "help" for the landlord (lessor) to fulfill the landlord's clear statutory duties and obligations to pay the costs associated with maintenance, repairs, and damages to the property based [sic] by natural and unnatural events along with general use of the property;

   c. Potentially result in default of the VBHLA and/or late fees if unpaid;

17. R.C § 5321.01 *et seq* governs the relations between residential landlords and their tenants in the state of Ohio.

18. R.C. § 5321.04(A) sets forth the duties that landlords owe to tenants of rented, residential properties in Ohio and states in pertinent part as follows:

> (A) A landlord who is a party to a rental agreement shall do all of the following:
>
> > (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
> >
> > (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
> >
> > (3) Keep all common areas of the premises in a safe and sanitary condition;
> >
> > (4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by the landlord;
> >
> > (5) When the landlord is a party to any rental agreements that cover four or more dwelling units in the same structure, provide and maintain appropriate receptacles for the removal of ashes, garbage, rubbish, and other waste incidental to the occupancy of a dwelling unit, and arrange for their removal;
> >
> > (6) Supply running water, reasonable amounts of hot water, and reasonable heat at all times, except where the building that includes the dwelling unit is not required by law to be equipped for that purpose, or the dwelling unit is so constructed that heat or hot water is generated by an installation within the exclusive control of the tenant and supplied by a direct public utility connection;….

19. R.C. § 5321.13 sets forth certain terms which are prohibited in agreements between residential landlords and their tenants in Ohio and states in pertinent part as follows (with emphasis added):

> (A) No provision of this chapter may be modified or waived by any oral or written agreement except as provided in division (F) of this section…

(D) No agreement by a tenant to the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for that liability or its related costs shall be recognized in any rental agreement or in any other agreement between a landlord and tenant.

(E) A rental agreement, or the assignment, conveyance, trust deed, or security instrument of the landlord's interest in the rental agreement may not permit the receipt of rent free of the obligation to comply with section 5321.04 of the Revised Code.

(F) The landlord may agree to assume responsibility for fulfilling any duty or obligation imposed on a tenant by section 5321.05 of the Revised Code, other than the obligation specified in division (A)(9) of that section.

20. Plaintiffs' claim of the unenforceability of the aforementioned terms is also supported by R.C. §§ 5321.06 and 5321.14.

21. Defendants' incorporation of the PAF provision (¶ 7) violates Ohio law.

22. Defendants' charging of, and/or collection and retention of the PAFs violates Ohio law.

23. Defendants have used the same or substantively similar VBHLA form, containing the same or substantively similar ¶ 7 term as exemplified in EXHIBITS A, B, C, for all the SFRs that Defendants have owned, managed, and/or leased since November 2018.

24. Each VBHLA contains an identical or substantively similar term, always or mostly located at Paragraph #13.6.("Lessor Recourse for Lessee Default") involving certain monetary recoveries permitted for Defendants when tenants default, and specifically includes Paragraph 13.6.3.4 (hereinafter "¶ 13.6.3.4").

25. The term in ¶ 13.6.3.4 states:

All costs associated with the eviction of Lessee, including any and all lease reinstatement fees or legal fees or attorney fees.  Lessor will assess a minimum charge of three hundred, fifty dollars ($350.00).

26. ¶ 13.6.3.4 purports to permit Defendants to assess their attorney fees against their tenants in amounts of $350.00 or more.

27. R.C. § 5321.13(C) states (emphasis added):

    No agreement to pay the <u>landlord's</u> or tenant's <u>attorney's fees</u> shall be recognized in any rental agreement for residential premises or in any other agreement between a landlord and tenant.

28. Defendants' incorporation of this attorney fee recovery provision (¶ 13.6.3.4) violates Ohio law.

29. Defendants' charging of, and/or collection and retention of their attorney fees violates Ohio law.

30. Defendants have used the same or substantively similar VBHLA form, containing the same or substantively similar ¶ 13.6.3.4 term as exemplified in EXHIBITS A, B, C, for all the SFRs that Defendants have owned, managed, and/or leased since November 2018.

31. As of June 30, 2024, Defendants claim to own, manage and/or lease, directly or indirectly, approximately 21,104[1] SFRs nationwide.

32. Defendants own, manage and/or lease SFRs in Ohio, Kentucky, Missouri, Indiana, Alabama, South Carolina, Kansas, Mississippi, Tennessee, Georgia, Wisconsin, Pennsylvania, Florida, Arkansas, North Carolina, and New Mexico.

33. Defendant VHOP wholly owns the following "special purpose limited liability companies" which hold the deeds to the following number of SFRs (as of June 30, 2024):

    a. NREA VB I, LLC – 60 deeds

    b. NREA VB II, LLC – 162 deeds

    c. NREA VB III, LLC – 1,298 deeds

    d. NREA VB IV, LLC – 379 deeds

---

[1] Ohio's law referenced herein as R.C. § 5321.01 *et seq*., is a version of the Uniform (*as also Amended in 2015*) Residential Landlord and Tenant Act ("URLTA") and is nearly identical to the URLTA's adopted in at least 21 other States, including many of the States in which Defendants' SFRs are located and leased.

    e.  NREA VB V, LLC – 1,822 deeds

    f.  NREA VB VI, LLC – 261 deeds

    g.  NREA VB VII, LLC – 32 deeds

    h.  True FM2017-1, LLC – 185 deeds

    i.  VB One, LLC – 8,470 deeds

    j.  VB Two, LLC – 1,631 deeds

    k.  VB Three, LLC – 1,342 deeds

    l.  VB Five, LLC – 119 deeds

    m.  VB Six, LLC – Undisclosed

    n.  VB Seven, LLC – Undisclosed

    o.  VB Eight, LLC – 112 deeds

    p.  VineBrook Homes Borrower 1, LLC – 2,769 deeds

    q.  VineBrook Homes Borrower 2, LLC – 2,462 deeds

    r.  NexPoint Homes – 2,486 deeds

34. Upon further information and belief, as of August 22, 2024, Defendants are in the process of finalizing (or have already finalized) funding for the purchase of hundreds to thousands of new SFRs which are to be held and controlled by at least four (4) new special purpose limited liability companies, known as VB Nine Equity, LLC, VB Nine, LLC, VB Ten Equity, LLC, and VB Ten, LLC.

35. As of June 30, 2024, Defendants claim to own and/or manage, directly or indirectly, approximately 7,327[2] SFRs in Columbus, Cincinnati, and Dayton market segments of Ohio.

---

[2] Some SFRs in the Cincinnati market segment are said by Defendants to be located in Kentucky.

36. Since October 18, 2018, thousands of Ohio tenants have signed VBHLAs and paid Defendants PAFs.

37. Since October 18, 2018, thousands of tenants in the other States listed above have signed VBHLAs and paid Defendants PAFs.

38. Defendants came into possession of the PAFs from Plaintiffs and all other similarly situated Ohio tenants unlawfully.

39. Assuming:

    a.   an average occupancy rate of 95%;

    b.   Defendants, owned, managed, and leased at least 7,400 Ohio SFRs monthly for the past six (6) years;

    c.   Ohio tenants were charged for and/or paid monthly PAFs to Defendants pursuant to VBHLAs regularly (according to the same 95% average occupancy rate) for such Ohio SFRs';

    d.   Then Plaintiffs and other Ohio SFR tenants were unnecessarily charged, and/ or paid $5,061,600.00 to Defendants, not including interest or costs, and not including any other sum or value (e.g. value of declaratory relief, or injunctive relief or punitive damages).

40. The amount in controversy as set forth above is amplified further by all $350.00 or more charges made Defendants' recovery of their attorney fees.

## **PROPOSED CLASS ATTRIBUTES**

41. Plaintiffs propose to certify and represent at least two (2) classes of similarly situated individuals pursuant to Fed. R. Civ. P 23(b)(2) and (b)(3).

42. Class certification of the classes will resolve on a class wide basis, all factual and legal issues involved in the following alleged CLASS COUNTS for relief against Defendants, for whom Plaintiffs intend to hold jointly and severally liable.

43. <u>CLASS ONE</u> - Each person who and/or whose:

   a. Is a signatory on at least one (1) VBHLA;

   b. VBHLA pertains to the use and occupancy of at least one (1) SFR located in Ohio;

   c. VBHLA is in the form exemplified by the attached as EXHIBITS A, B, and C;

   d. Were charged for and/or paid at least one (1) monthly PAF to Defendants pursuant such VBHLAs from October 18, 2018, to the present.

44. <u>CLASS TWO</u> - Each person who and/or whose:

   a. Is a signatory on at least one (1) VBHLA;

   b. VBHLA pertains to the use and occupancy of at least one (1) SFR located in Ohio;

   c. VBHLA is in the form exemplified by the attached as EXHIBITS A, B, and C;

   d. Were charged for and/or paid any charge or fee assessed by Defendants pursuant to ¶ 13.6.3.4 of the parties' VBHLA from October 18, 2018, to the present.

45. <u>RESERVED CLASS(ES)</u>:

   a. Discovery in this matter is expected to be extensive.

   b. Many States in which Defendants operate and own SFRs have identically worded statutes modeled after the URLTA.

   c. Plaintiffs reserve the right to seek to represent and certify the above stated classes (or other classes by State) on a <u>nationwide or other State defined basis</u> in the event it is determined that the VBHLAs at issue in States whose landlord and tenants statutes are identically interpreted as R.C. § 5321.01 et seq.

## **CLASS COUNT ONE – BREACH OF CONTRACT**

46. All statements and allegations contained in all preceding paragraphs are incorporated into this COUNT as if fully rewritten.

47. The VBHLAs signed by Plaintiffs and each putative class member are contracts under Ohio law.

48. Defendants drafted the terms of the VBHLAs, and included the term identified and generally described above as "¶ 7" as boilerplate language.

49. Defendants drafted the terms of the VBHLAs, and included the term identified and generally described above as "¶ 13.6.3.4 as boilerplate language.

50. Plaintiffs and each putative class member performed according to the terms of such VBHLAs.

51. Plaintiffs and each putative class member are defined as "tenants" pursuant R.C. §5321.01(A).

52. Defendants are each defined as "landlords" pursuant to R.C. §5321.01(B).

53. Defendants knew or should have known that inclusion of the term (generally described as "¶ 7") concerning a tenant's payment of monthly PAFs, and inclusion of the term (generally described as "¶ 13.6.3.4) concerning recovery of attorney fees, would, at a minimum, violate Ohio public policy, and the Ohio landlord / tenant statutes referred to herein.

54. Defendants knew or should have known that charging for and/or collection and retention of the monthly PAFs and attorney fees, was, at the very minimum, unfair and/or unconscionable.

55. When entering into contracts governed by Ohio law, Defendants owe their Ohio contract counterparts, among other things, a duty to act fairly and deal in good faith.

56. Plaintiffs and each putative class member collectively were charged by, and/or paid Defendants millions of dollars in PAFs from October 18, 2018, to the present.

57. Likewise, many putative class members were charged for, and/or paid Defendants attorney fees pursuant to ¶ 13.6.3.4.

58. Defendants breached their contractual duty of good faith and fair dealing to Plaintiffs and each putative class member by charging for, collecting and/or retaining such PAFs.

59. Likewise, Defendants breached their contractual duty of good faith and fair dealing to numerous putative class members by charging for, collecting and/or retaining attorney fees.

60. Plaintiffs and each putative class member have each suffered administratively measurable losses in the amount of the PAFs charged for and/or paid to and retained by Defendants.

61. Numerous putative class members each suffered administratively measurable losses in the form of attorney fees charged for and/or paid to and retained by Defendants.

62. The losses sustained by Plaintiffs and each putative class member are the direct result of Defendants' breach.

## CLASS COUNT TWO – UNJUST ENRICHMENT / *QUANTUM MERUIT*

63. All statements and allegations contained in all preceding paragraphs are incorporated into this COUNT as if fully rewritten.

64. To the extent relief is not accorded to Plaintiffs and each putative class member pursuant to CLASS COUNT ONE, Plaintiffs state alternatively that relief may be accorded to them and all putative class members hereunder.

65. Plaintiffs and each putative class member were charged for and/or paid monthly PAF's which conferred financial benefits upon Defendants.

66. Numerous putative class members were charged for and/or paid attorney fees which conferred financial benefits upon Defendants.

67. Defendants had knowledge that they were receiving payments of the PAF's and for certain putative members accounts, attorney fees.

68. In Ohio, no agreement by a tenant to the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for that liability or its related costs shall be recognized in any rental agreement or in any other agreement between a landlord and tenant.

69. In Ohio, no agreement to pay the landlord's or tenant's attorney's fees shall be recognized in any rental agreement for residential premises or in any other agreement between a landlord and tenant.

70. Defendants have retained the herein described benefits in a manner which is unjust.

71. Defendants would be unjustly enriched if Defendants are permitted to retain the benefits of charging and/or collecting the PAFs since October 18, 2018, to present.

72. For numerous putative class members, Defendants would be unjustly enriched if Defendants are permitted to retain the benefits of charging and/or collecting the attorneys fees since October 18, 2018, to present.

## CLASS COUNT THREE – DISGORGEMENT PURSUANT TO R.C. §5321.14(A)

73. All statements and allegations contained in all preceding paragraphs are incorporated into this COUNT as if fully rewritten.

74. R.C. §5321.14(A) states: If the court as a matter of law finds a rental agreement, or any clause thereof, to have been unconscionable at the time it was made, it may refuse to enforce the rental agreement or it may enforce the remainder of the rental agreement without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

75. The provision ¶ 7 (concerning the PAFs) of the VBHLAs is inherently unconscionable because, *inter alia*, such provision constitutes an attempted modification of the provisions of Ohio's Landlords and Tenants Act and represents an agreement which is prohibited by R.C. §5321.13 - in that it expects to partially limit Defendants' statutory liabilities (e.g. and shift maintenance and other costs to Plaintiffs and the putative class members).

76. The provision ¶ 13.6.3.4 (concerning the charges for attorney fees) of the VBHLAs is inherently unconscionable because, *inter alia*, such provision is clearly prohibited by R.C. §5321.13(C)..

77. The Court is empowered under R.C. 5321.14(A) to limit the application of ¶ 7 and ¶ 13.6.3.4 of VBHLAs on a class wide basis and require disgorgement (and/or credit against charges) of all funds charged and/or collected pursuant thereto by Defendants from October 18, 2018, to avoid any unconscionable result.

## CLASS COUNT FOUR - CONVERSION

78. All statements and allegations contained in all preceding paragraphs are incorporated into this COUNT as if fully rewritten.

79. Prior to Plaintiffs and each putative class member payment of each $10 monthly PAF to Defendants pursuant to their respective VBHLAs, Plaintiffs owned and possessed each $10 monthly PAF.

80. Similarly, before making payment, numerous putative class members owned and possessed the monies they paid over to Defendants to cover attorney fees charged by Defendants pursuant to ¶ 13.6.3.4.

81. By drafting and including the terms requiring payment of the PAFs and/or for recovery of attorney fees in the VBHLAs, Defendants established mechanisms by which they came into possession of funds belonging to Plaintiffs and each putative class member unlawfully.

82. Defendants have collected and wrongfully converted such PAFs and/or attorney fees by using them for their own purposes with a view to permanently deprive Plaintiffs and each putative class member of their rights to continue to own and possess them.

83. Plaintiffs and each putative class member have suffered actual damages by paying the PAFs and/or attorney fees to Defendants.

84. The payments of PAFs by Plaintiffs and each putative class member were/are identifiable and earmarked funds paid to and to be used by Defendants as "help" with covering Defendants' costs for maintenance, repairs and other expenses for which Defendant was solely responsible under Ohio law.

85. The payments of the attorney fees by certain putative class members were/are identifiable and earmark funds.

86. Upon information and belief, Defendants maintain individual account records for Plaintiffs and each putative class member, which will establish that Defendants account for and can identify each monthly $10 PAF paid by each Plaintiff and each putative class member.

87. Upon information and belief, Defendants maintain individual account records for numerous putative class members, which will establish that Defendants account for and can identify each charge for attorney fees paid by those putative class members.

88. Defendants' actions to contract for, charge, collect and retain the PAFs and/or attorney fees are aggravated and the result of misrepresentations, warranting the imposition of punitive damages for Plaintiffs and the putative class members.

89. Defendants intentionally include and enforce the PAF and/or attorney fee provisions of the VBHLAs under threat of default and late fees to deprive Plaintiffs and each putative class member of their rightful property.

90. Defendants misrepresent that payment of the PAFs are legally binding and "help" Defendants with what should be Defendants' sole duties to maintain the leased SFRs without informing Plaintiffs and the putative class members that they have no obligation to lend such assistance under Ohio law.

91. Defendants' inclusion of the PAF provisions further gave Plaintiffs and each putative class member the false impression that they were getting something valuable for their monthly PAF payments when in truth they were getting nothing more than what Defendants were already legally obliged to provide to them.

## CLASS COUNT FIVE – INJUNCTIVE AND DECLARATORY RELIEF

92. All statements and allegations contained in all preceding paragraphs are incorporated into this COUNT as if fully rewritten.

93. Plaintiffs, for themselves and all putative class members, are seeking the Court's declaration that Defendants' contracting and charging for, collection and retention of the PAFs and attorney fees under the VBHLAs is unlawful under Ohio law.

94. Plaintiffs, for themselves and all putative class members, are seeking to permanently enjoin Defendants from enforcing any residential real property lease they enter into with any tenant of one of their SFR properties located in Ohio to charge, collect and/or retain any form of a PAF and/or attorney fee of type herein described.

95. Plaintiffs, for themselves and all putative class members, are further seeking to require Defendants to permanently abandon use of the "¶ 7" PAF provision if Defendants intend to

continue to use the same boilerplate VBHLA form to contract for leases on SFR properties located in Ohio.

96. Plaintiffs, for themselves and all putative class members, are seeking are seeking to permanently enjoin Defendants from enforcing any residential real property lease they enter into with any tenant of one of their SFR properties located in Ohio to charge, collect and/or retain any form of attorney of type herein described.

97. Plaintiffs, for themselves and all putative class members, are further seeking to require Defendants to permanently abandon use of the "¶ 13.6.3.4" attorney fee provision if Defendants intend to continue to use the same boilerplate VBHLA form to contract for leases on SFR properties located in Ohio.

98. Such declaratory and injunctive relief is warranted under Ohio law because charging for, and/or collection and retention of the PAFs (as they are described in the VBHLA form) violates one or more provisions the Ohio Landlords and Tenants Act.

99. Such declaratory and injunctive relief is warranted under Ohio law because charging for, and/or collection and retention of attorney fees (as they are described in the VBHLA form) violates one or more provisions the Ohio Landlords and Tenants Act.

## RESERVED CLASS COUNTS

100. All statements and allegations contained in all preceding paragraphs are incorporated into this COUNT as if fully rewritten.

101. Discovery in this action is expected to be extensive.

102. Plaintiffs reserve the right to seek timely amendment to or supplementation of this CLASS ACTION COMPLAINT to potentially address additional class claims involving for example, the rights of Plaintiffs and the putative class members under the Racketeer Influenced and

Corrupt Organizations Act under 18 U.S.C. § 1965; and/or Engaging in Pattern of Corrupt Activity statute found at R.C. § 2923.32; and Falsification R.C. §2921.13(A)(8) (Civil Action for Damages for Criminal Act found at R.C. § 2307.60(A)).

### CIVIL RULE 23 ALLEGATIONS APPLICABLE TO ALL CLASS COUNTS

103. All statements and allegations contained in all preceding paragraphs are incorporated herein as if fully rewritten.

104. This action involves tenants of over 7,000 SFR Ohio properties over 6 years who have identical claims. Because the number of potentially affected class members exceeds several thousand, joinder of each of them into this action as additional named plaintiffs would be impractical if not overwhelming.

105. Numerosity pursuant to Fed. R. Civ. P. 23(a)(1) is satisfied.

106. Many questions of law and fact are common to Plaintiffs and the putative members of the proposed classes and such questions predominate over questions relating to any individual members. Common factual questions and legal issues include, but are not necessarily limited to, the following:

   a. Are the VBHLAs at issue governed by Ohio's Landlords and Tenants Act?

   b. Are Plaintiffs and the putative class members "tenants" under Ohio's Landlords and Tenants Act?

   c. Are Defendants "landlords" under Ohio's Landlords and Tenants Act.

   d. Are the PAF and/or attorney fee provisions of the VBHLAs at issue enforceable under Ohio's Landlords and Tenants Act?

   e. Did Defendants charge for, collect and/or retain such PAFs and/or attorney fees from the Ohio tenants of the leased Ohio SFR properties?

f.  Did Defendants' enforcement of the PAF and/or attorney fees provisions and subsequent collection and retention of the PAFs and/or attorney fees violate Defendants' contractual duty in Ohio to act fairly and deal in good faith?

g.  Alternatively, would Defendants be unjustly enriched under Ohio law if Defendants are permitted to retain the benefits of charging, collecting and/or retaining such PAFs and/or attorney fees?

h.  Do Defendants' actions in contracting and charging for, collecting and retaining such PAFs and/or attorney fees in view of their presumed knowledge that such actions would be improper under Ohio law, constitute actionable conversion?

i.  Is declaratory and injunctive relief appropriate to find that the PAF and/or attorney fee provisions are unenforceable as to Plaintiffs and the classes, and should Defendants therefore be enjoined from attempting to enforce such provisions as to Defendants' Ohio tenants?

107.  Commonality pursuant to Fed. R. Civ. P. 23(a)(2) is satisfied.

108.  As to the CLASS CLAIMS, Plaintiffs rights to relief, *vis a vis*, the putative members of the proposed class are identical.  Plaintiffs and the putative members of the proposed class are each Ohio tenants of Ohio SFRs leased to them by Defendants.  Plaintiffs and the putative members of the proposed class each signed VBHLAs containing the same or nearly identical ¶ 7 PAF and/or ¶ 13.6.3.4 provisions.  Plaintiffs and the putative members of the proposed classes were each charged for and/or paid monthly PAFs and/or attorney fees pursuant to Defendants' enforcement of the PAF and/or attorney fees provisions of their respective VBHLAs.

109.  Typicality pursuant to Fed. R. Civ. P. 23(a)(3) is satisfied.

110.    Plaintiffs are and will remain appropriate representatives for the proposed classes. Plaintiffs have no interest in any claims adverse to the absent class members. They intend to vigorously prosecute this case. Plaintiffs have hired competent counsel who are experienced in managing and litigating complex class actions, and civil litigation involving the rights of both landlords and tenants under Ohio law.

111.    Adequacy pursuant to Fed. R. Civ. P. 23(a)(4) is satisfied.

112.    The class action remedy is superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs and members of the classes. It is probable that most class members will have been charged, and/or paid $120.00 to $240.00 on average in PAFs, and/or $350.00 in unlawful attorney fees. Independent prosecution of individual suits by each class member is unlikely to be commensurate with the cost and time burdens as compared with the anticipated monetary outcome. Moreover, individualized litigation presents potential for inconsistent or contradictory judgments across potentially multiple forums and courts. Such multiplicity of litigation increases the delay and expense to all parties and is a burden to the court system due to the nature of the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication of all issues, an economy of scale, and comprehensive supervision by a single court.

113.    Predominance and superiority pursuant to Fed. R. Civ. P. 23(b)(3) are satisfied.

114.    As indicated herein, Defendants have acted uniformly with Plaintiffs and all putative members of the proposed class by using and enforcing the form VBHLAs containing the unlawful PAF and attorney fee provisions. A declaratory ruling is therefore appropriate as the

unlawful nature of the PAF and attorney fee provisions as is injunctive relief – to prevent Defendants' future Ohio tenants from experiencing the same financial unfairness.

115. The declaratory and injunctive bases for class relief pursuant to Fed. R. Civ. P. 23(b)(2) are satisfied.

116. Defendants are a complex formation of interrelated entities who, among other things, collectively hold themselves out as a REIT. As such, Defendants are obligated to keep and retain significantly detailed business records. Important to this case will be Defendants' records associated with the thousands of VBHLAs involving Defendants' Ohio SFRs, including the accounting records for Plaintiffs and each putative class-member tenant of the Ohio SFRs for the past 6 years. Such business records will be available and necessary for administration and prosecution of this class action. Determinations as to membership in the class will not be based upon separate, individualized hearings or reviews, but will instead be based upon precise objective criteria which will be gleaned from a comprehensive review of Defendants' business records.

117. Identification of the members of the class will be both administratively feasible and based upon objective information.

## PLAINTIFFS' INDIVIDUAL CLAIMS FOR RELIEF

In addition to the relief sought in the CLASS CLAIMS, Plaintiffs set forth below their individual claims for relief.

## PLAINTIFF JOHNAY FLORENCE COUNT I – BREACH OF CONTRACT

118. All statements and allegations contained in all preceding paragraphs are incorporated into this COUNT as if fully rewritten.

119.    Plaintiff Johnay Florence ("Florence") executed two (2) VBHLAs for a residential tenancy of the SFR previously described above.

    a.   The first one was for a (1) year term beginning on or around April 21, 2023.

    b.   The second one was for a (1) year beginning on or around April 26, 2024.

120.    Florence's VBHLAs are contracts.  EXHIBITS B and C.

121.    During various times and dates of her tenancies, Florence contacted Defendants requesting them to make various reasonable repairs and calls for maintenance.

122.    While Florence was performing her obligations under the VBHLAs, Defendants failed to make such repairs and failed to maintain the SFR in a fit and habitable condition as required by Ohio law, thereby breaching the VBHLA.

123.    Florence has suffered actual damages in the form diminished rental value during the term of her tenancies because of Defendants' breach.

## PLAINTIFF URSULA JONES COUNT I – BREACH OF CONTRACT

124.    All statements and allegations contained in all preceding paragraphs are incorporated into this COUNT as if fully rewritten.

125.    Plaintiff Ursula Jones ("Jones") executed a VBHLA for a residential tenancy of the SFR previously described above with an original one (1) year term beginning on or around February 27, 2024.

126.    Jones' VBHLA is a contract.

127.    During various times and dates of the tenancy, Jones contacted Defendants to make various reasonable repairs and calls for maintenance.

128.    Defendants failed to make such repairs and failed to maintain the SFR in a fit and habitable condition as required by Ohio law, thereby breaching the VBHLA.

129.    Jones has suffered actual damages in the form diminished rental value during the term of

her tenancy because of Defendant's breach.

WHEREFORE, Plaintiffs seek the CLASS and individual relief sought in the various

COUNTS herein against Defendants, jointly and severally, plus any other relief to which they are

legally or equitably entitled.

Respectfully submitted,

/s/      James E. Nobile
James E. Nobile (0059705)
Eric E. Willison (0066795)
JENESQ
285 S. Liberty St., Suite 1D
Powell, Ohio 43065
(614) 300-2764 (Direct and VM)
jenobile@ntlegal.com
eewillison@earthlink.net

Plaintiffs' Counsel and Proposed Class
Counsel